FILED

JUN 0 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Raul CARRANZA-Ambriz<br>Defendant. | Mag. Case No. '08 MJ 8495<br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C., Section 1324 (a)(1)(A)(ii)<br>Illegal Transportation of Aliens |

The undersigned complainant, being duly sworn, states:

On or about June 2, 2008, within the Southern District of California, defendant Raul CARRANZA-Ambriz with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Maria NAVARRO-Salmeron, Jose GOMEZ-Villafan, and Rodolfo SOLANO-Serapio had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

MARCO A. MIRANDA
Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 3rd DAY OF JUNE 2008.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Raul CARRANZA-Ambriz

STATEMENT OF FACTS

The complainant states this complaint is based upon statements in the investigative reports by the apprehending agent, J. Garcia, on June 2, 2008, the defendant, Raul CARRANZA-Ambriz, an illegal alien, was apprehended near Westmorland, CA as the driver of a 1999 Chevrolet Suburban, bearing California license 4LXN619, as he smuggled seventeen undocumented aliens in violation of law.

While assigned to Border Patrol Checkpoint duties, Agent Garcia observed two vehicles turn northbound onto Highway 86. One of the vehicles, a maroon Chevrolet Suburban was riding low and was extremely dusty. Agent Garcia followed the Suburban and attempted to drive next to the Suburban. The driver, later identified as Raul CARRANZA-Ambriz, accelerated and prevented Agent Garcia from seeing inside the vehicle. Using the vehicle's emergency lights and sirens, Agent Garcia attempted to perform a vehicle stop. CARRANZA-Ambriz ignored the lights, sirens and continued driving northbound on Highway 86. Agent Newland positioned himself on the side of the highway and attempted to deploy a Controlled Tire Deflation Device (CTDD), but the vehicle suddenly changed directions of travel and proceeded southbound on Highway 86. As the vehicle turned around, Agent Garcia could clearly identify see the driver had short hair, mustache and was wearing a gray T-shirt.

As CARRANZA-Ambriz continued driving southbound on Highway 86, another agent attempted to deploy a CTDD, but CARRANZA-Ambriz was able to swerve and avoid the CTDD. Agent Gibson positioned himself further south of their location was able to successfully deploy a CTDD, deflating two of the vehicle's tires. CARRANZA-Ambriz drove for approximately 100 yards and stopped on the side of the road. As the vehicle came to a stop, Agent Garcia could clearly see CARRANZA-Ambriz attempting to climb out of his seat and into the rear passenger area. CARRANZA-Ambriz attempted to abscond. Agent Carney was able to apprehend CARRANZA-Ambriz.

All of the occupants of the vehicle were contained before they were able to abscond. Agent Garcia identified himself as a United States Border Patrol Agent and questioned all subjects as to their citizenship. All the suspected illegal aliens claimed to be citizens of Mexico without documents that would allow them to live, work, or remain in the United States legally. Agent Garcia arrested all of the subjects and transported them to the Highway 86 Checkpoint.

Agent Garcia advised Raul CARRANZA-Ambriz of his Miranda rights. CARRANZA-Ambriz acknowledged understanding his rights and was willing to answer any questions without an attorney present. CARRANZA-Ambriz stated after his illegal entry, he met an unknown man at Wal-Mart and made arrangement to be smuggled to Los Angeles, CA for a fee of $1,000.00. CARRANZA-Ambriz stated he was driving the illegal aliens to Los Angeles.

Material Witnesses Maria NAVARRO-Salmeron, Jose GOMEZ-Villafan and Rodolfo SOLANO-Serapio stated they are citizens of Mexico illegally in the United States. Maria NAVARRO-Salmeron and Jose GOMEZ-Villafan stated Jose GOMEZ-Villafan's brother made the arrangements to be smuggled into the United States, but was unsure on the amount he was going to pay for being smuggled. Rodolfo SOLANO-Serapio stated his girlfriend made the arrangement for him to be smuggled into the United States for an unknown fee.

Maria NAVARRO-Salmeron, Jose GOMEZ-Villafan, and Rodolfo SOLANO-Serapio were shown a six pack photo line up and they all positively identified Raul CARRANZA-Ambriz as the driver of the Chevrolet Suburban that picked them up and was driving the sedan.

The complainant states that the names of the Material Witnesses are as follows:

| **NAME** | **PLACE OF BIRTH** |
|---|---|
| Maria NAVARRO-Salmeron | Mexico |
| Jose GOMEZ-Villafan | Mexico |
| Rodolfo SOLANO-Serapio | Mexico |

Further, complainant states that Maria NAVARRO-Salmeron, Jose GOMEZ-Villafan, and Rodolfo SOLANO-Serapio, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.